IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAMON JACKSON | ) | |
|   a/k/a "DJ" | ) | |
|   a/k/a "Daddy Frost" | ) | |
| TREMEL BLACK | ) | |
|   a/k/a "Sincere" | ) | No. 2:16-cr-00054-DCN |
|   a/k/a "New York" | ) | |
| DA-SHUN SHUKUR CURRY | ) | |
|   a/k/a "Dae Dae" | ) | |
| BAKARI SHAHID MCMILLAN | ) | **ORDER** |
|   a/k/a "Bizzle" | ) | |
| KERRY TAYLOR | ) | |
|   a/k/a "KJ" | ) | |
| DESMOND SINGLETARY | ) | |
|   a/k/a "Six" | ) | |
| HOWARD PARKER | ) | |
|   a/k/a "Poppa" | ) | |
| RYAN SHAQUON TURNER | ) | |
|   a/k/a "Gotti" | ) | |
|   a/k/a "Qweezy" | ) | |
| ROBERT BLACK | ) | |
|   a/k/a "Kareem Banks" | ) | |
|   a/k/a "Nino Black" | ) | |
|   a/k/a "Black" | ) | |
| COREY MILLER | ) | |
|   a/k/a "Clow", | ) | |
| | ) | |
|               Defendants. | ) | |
| | ) | |

      This matter comes before the court on a dispute over the United States Sentencing Guidelines ("the Guidelines") brought by defendants Tremel Black, Da-Shun Shukur Curry, Kerry Taylor, Desmond Singletary, Howard Parker, Ryan Shaquon Turner, and Robert Black, the defendants who entered guilty pleas in the US v. Jackson sex

1

trafficking case. After a hearing on the issue, the court ruled that defendants are not subject to an enhanced base offense level of 34 and that the proper base offense level is 14. This written order provides further explanation of that oral ruling.

## I. BACKGROUND

Defendants were indicted on multiple counts of trafficking a minor for sex and of sex trafficking by force, fraud, and coercion in connection with a conspiracy to commit sex trafficking in South Carolina, Georgia, and North Carolina. The indictment charges that the defendants conspired to recruit young women, some of whom were less than 18 years old, to work as prostitutes. According to the indictment, defendants used the website Backpage.com to advertise for sexual services and used Facebook to recruit victims as well as to communicate with other co-conspirators. Defendants also physically beat or threatened to physically beat the victims to terrorize and control them. Defendants kept all or most of the proceeds from the sex work. The indictment further charges that members of the conspiracy used heroin and crack cocaine to coerce the victims—many of whom were addicted to drugs—to engage and continue to engage in commercial sex acts.

## II. DISCUSSION

Defendants contend that they should be subjected to a base offense level of 14 as opposed to 34. They argue that while the conduct that forms the basis of their conspiracy conviction tracks the language of the penalty subsection 15 U.S.C. § 1591(b)(1), defendants pleaded guilty to the conspiracy charge and its related penalty provision under

18 U.S.C. § 1594(c) instead.[1] Defendants contend that the language of § 2G1.3 of the Guidelines specifies the count of conviction as the basis for selecting the proper offense level. All defendants signed a plea agreement that did not have any reference to the penalty subsection and instead included only a reference to § 1594(c). Since there was only a reference to § 1594(c), defendants contend that the base offense level is 14. Because none of the defendants who entered into a plea agreement were "convicted under" § 1591(b)(1), defendants contend that the guideline base offense level of 34 is incorrect. This court—and the only court of appeals to consider this issue—agrees. United States v. Wei Lin, 841 F.3d 823, 825 (9th Cir. 2016). The base offense level of 34 applies only to defendants who were convicted of the penalty subsection § 1591(b)(1), which none of these defendants pleaded guilty to. Therefore, the court finds that the appropriate base offense level under the plain language of § 2G1.1(a) is 14.

The court starts with the plain language of the Guidelines. The Guidelines direct that for conspiracy offenses, the court should find the Base Offense Level in the section used for the underlying offense. U.S. Sentencing Guidelines Manual § 2X1.1(a) (U.S. Sentencing Comm'n 2015). For the underlying offense of the sex trafficking of adults, Guidelines § 2G1.1 states:

> §2G1.1. Promoting a Commercial Sex Act or Prohibited Sexual Conduct with an Individual Other than a Minor
> (a) Base Offense Level:
> (1) 34, if the offense of conviction is 18 U.S.C. § 1591(b)(1); or
> (2) 14, otherwise.

---

[1] This Guidelines issue is relevant for those defendants who entered guilty pleas. All defendants who pleaded guilty pleaded guilty only to the conspiracy count, as opposed to a substantive sex trafficking count.

3

U.S. Sentencing Guidelines Manual § 2G1.1(a) (U.S. Sentencing Comm'n 2015). Section 2G1.1(a) provides only two offense levels: 34 "if the offense of conviction is 18 U.S.C. § 1591(b)(1)," and 14 "otherwise." Here, the offense of conviction was not § 1591(b)(1). Therefore, the guideline offense level cannot be 34. The defendants' offense of conviction necessarily then falls into the second category of § 2G1.1(a) where the offense of conviction is "otherwise." So the offense level must be 14.

This court is not the first to make such a finding. In Wei Lin, the Ninth Circuit held in a published opinion that the base level of 34 only applied to defendants who were subject to statutory 15-year mandatory minimum sentence for sex trafficking offenses involving minors under the age of 14, or offenses involving force, threats of force, fraud, or coercion, not conspiracy offenses. Wei Lin, 841 F.3d at 827. The Ninth Circuit held that Wei Lin could not receive an offense level of 34, despite the Guidelines' directive to use the base offense level for the underlying substantive crime, because his "offense of conviction" was not § 1591(b)(1). Wei Lin, 841 F.3d at 825–27. The Ninth Circuit determined that it is only if the "offense of conviction" is punishable by § 1591(b), then the base offense level of 14 applies. Wei Lin, like the defendants here, was convicted of conspiracy to violate § 1591 under 18 U.S.C. § 1594(c). See Wei Lin, 841 F.3d at 825-27; see also USSG § 2G1.1 ("promoting a commercial sex act or prohibited sexual conduct with an individual other than a minor").

The Wei Lin court suggests that the Sentencing Commission only intended § 2G1.1(a)(1) to apply where defendants were subject to the mandatory minimum sentence imposed by § 1591(b), stating, "the Commission . . . likely did not want the higher base offense level to apply when the defendant was not subject to § 1591(b)(1)'s

4

fifteen-year mandatory minimum." Lin, 841 F.3d at 827. Certainly, if the text of § 2G1.1(a) read "34, if the offense of conviction is 18 U.S.C. § 1591(a)(1) or 1594" then this court would agree with the government that the base offense level of 34 is appropriate. It does not, and so the court finds that the base offense level is 14.[2]

The government contends that § 1B1.3, application note 7 of the Guidelines should also apply to conspiracy under § 1591.[3] The court disagrees. The legislative

---

[2] There has been only one court that has interpreted Wei Lin, and it was in the context of a § 2255 petition. In Jackson v. United States, 2017 WL 1408174 (W.D. Wash. Apr. 20, 2017), a petitioner who pleaded guilty to conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1594(c) argued ineffective assistance of counsel because his attorney had failed to argue that his base offense level was 14 instead of 34. The Jackson court found that because Wei Lin was decided six months after petitioner's sentencing, the exacting standards of Strickland had not been fulfilled and the petitioner's claim was procedurally barred. Because it was in the context of a § 2255 petition as opposed to sentencing, Jackson does not provide guidance here.

[3] The court turns now to the cases that the government cites in support of its argument that a defendant who enters a guilty plea to conspiracy under § 1594(c) should have a base offense level of 34. The theme of the cases that the government cites is that none of them fully support what the government is arguing. It may be that the district court sentenced the defendants to a base offense level of 34. But in none of the cases was this issue—whether those defendants who took a plea to conspiracy under § 1594(c) were "convicted under" § 1591(b)(1) such that the base offense level should be 34—brought before the court like it was in Wei Lin and here. For example, the government cites United States v. Rembert, 587 Fed. Appx. 600 (11th Cir. 2014) for the proposition that the "district court overruled the objection [that the offense level should be 14] and applied a base offense level of 34." But a review of Rembert reveals that the court does not discuss base offense levels—or sentencing—at all. Instead, Rembert addresses whether certain testimony should have been excluded as hearsay testimony. Similarly, in United States v. Cortes-Castro, 511 F. App'x 942, 944 (11th Cir. 2013) the Eleventh Circuit addressed whether a district court could impose a sentence above the Guideline range. In Cortes-Castro, the only discussion of base offense levels is that the "plea agreements contained joint recommendations that the district court calculate the defendants' sentence using a base offense of 34." Indeed, the base offense level of 34 was stipulated in the plea agreement and not separately calculated. At no point does the Cortes-Castro court address the propriety of the stipulation.

In US v. George Windley, 589 Fed.Appx. 362 (9th Cir. 2015), the opinion vacated and remanded the sentence based on an excessive term of supervision. At no point did the Windley court discuss or mention the base offense level. The appeal after resentencing was dismissed based on the defendant's appeal waiver. US v. Windley, 690

5

history and the history of the Guidelines makes clear that the base offense level should only be 34 if the "offense of conviction" is § 1591(b)(1). In a case such as this, where none of the defendants have been convicted of the substantive offenses in § 1591(b)(1) — namely, sex trafficking of children or by force, fraud, or coercion—the base offense level is 14. Indeed, the US Sentencing Commission clearly states that "for all other offenses" that are not the substantive § 1591(b)(1) offenses, the base offense level remains 14. USSG Amend. 701, Reason for Amendment, USSG Ap. C, Vol. III, p. 213.

---

Fed.Appx. 968 (9th Cir. 2017). In <u>US v. Wallace</u>, 600 Fed.Appx. 322 (6th Cir. 2015), the issues on appeal were the sentence enhancements for (1) undue influence of a minor and (2) obstruction of justice. The base offense level was mentioned in the defendant's brief but not challenged by the government, and the court does not discuss it in the opinion.

Then, the government cites <u>US v. Porter</u>, 656 Fed.Appx. 35 (9th Cir. 2016). This case must have been mistakenly cited, as the opinion at 656 Fed.Appx. 35 involves an employment case, <u>Martin v. Trend Personnel Services</u>, 656 Fed.Appx. 34 (9th Cir. 2016). Next, in <u>US v. Rodriguez-Cruz</u>, 2017 WL 923347 (5th Cir. 2017) the issue on appeal was whether the evidence, specifically the use of a cell phone, established federal jurisdiction "in or affecting interstate or foreign commerce." The opinion does not mention, let alone discuss, the base offense level. In <u>US v. Hill</u>, 783 F.3d 842 (11th Cir. 2015) the issues on appeal were the sentencing enhancements for use of a computer and supervisory role. A review of the <u>Hill</u> opinion demonstrates that it does not discuss the initial base offense level. In <u>US v. Miller</u>, 2016 WL 6090935 (E.D. Va. 2016), the district court dismissed a § 2255 petition as untimely. While the order does state that the defendant was convicted of conspiracy to commit trafficking, it does not mention the base offense level. Similarly, in <u>US v. Daniels</u>, 2016 WL 6246811 (S.D. Ga. 2016), the district court denied the defendant's § 2255 petition claiming ineffective assistance of counsel. Although the order discussed various sentencing enhancements, it did not discuss the initial base offense level. <u>US v. Mendez-Hernandez</u>, Docket 113J 4:13-00005 (S.D. Ga. 2013) was also mistakenly cited. A review of that court's docket demonstrates that there is no case with this name at docket number 4:13-0005, although there is a sex trafficking case under the same name, <u>US v. Mendez-Hernandez</u> at docket number 4:13-cr-0004. In that docket, the plea agreement, located at docket entry 774, does not mention the base offense level. The defendant did file a petition under 21 USC § 2255 petition, which was dismissed as untimely. Docket entry 902. The base offense level was not discussed in the petition, the magistrate judge's recommendation, or the district court's order of dismissal, docket entry numbers 903–906.

In sum, the only case the government cites that discusses <u>Wei Lin</u> is <u>US v. Jackson</u>, which—as the court discussed in footnote 2—is the § 2255 case where trial counsel did not have the benefit of <u>Wei Lin</u> at the time of sentencing.

The court now holds that because the offense of conviction was not § 1591(b)(1), the enhanced base offense level of 34 does not apply under § 2G1.1(a)(1). Therefore, the base offense level is 14.

### III.   CONCLUSION

For the reasons set forth above, the court finds that the base offense level for all defendants that entered a guilty plea in this case is 14.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 14, 2018**
**Charleston, South Carolina**