IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAMON JACKSON | ) | |
|   a/k/a "DJ" | ) | |
|   a/k/a "Daddy Frost" | ) | |
| TREMEL BLACK | ) | |
|   a/k/a "Sincere" | ) | No. 2:16-cr-00054-DCN |
|   a/k/a "New York" | ) | |
| DA-SHUN SHUKUR CURRY | ) | |
|   a/k/a "Dae Dae" | ) | |
| BAKARI SHAHID MCMILLAN | ) | **ORDER** |
|   a/k/a "Bizzle" | ) | |
| KERRY TAYLOR | ) | |
|   a/k/a "KJ" | ) | |
| DESMOND SINGLETARY | ) | |
|   a/k/a "Six" | ) | |
| HOWARD PARKER | ) | |
|   a/k/a "Poppa" | ) | |
| RYAN SHAQUON TURNER | ) | |
|   a/k/a "Gotti" | ) | |
|   a/k/a "Qweezy" | ) | |
| ROBERT BLACK | ) | |
|   a/k/a "Kareem Banks" | ) | |
|   a/k/a "Nino Black" | ) | |
|   a/k/a "Black" | ) | |
| COREY MILLER | ) | |
|   a/k/a "Clow", | ) | |
| | ) | |
|               Defendants. | ) | |
| | ) | |

     This matter comes before the court on a dispute over the restitution amount that is applicable to Damon Jackson ("Jackson"), the lead defendant in the US v. Jackson sex trafficking case. For the reasons set forth below, the court finds that the restitution amount of $168,500.00 is proper.

1

# I. BACKGROUND

Defendants were indicted on multiple counts of trafficking a minor for sex and of sex trafficking by force, fraud, and coercion in connection with a conspiracy to commit sex trafficking in South Carolina, Georgia, and North Carolina. The indictment charges that the defendants conspired to recruit young women, some of whom were less than 18 years old, to work as prostitutes. According to the indictment, the defendants used the website Backpage.com to advertise for sexual services, and used Facebook to recruit victims as well as to communicate with other co-conspirators. Defendants also physically beat or threatened to physical beat the victims to terrorize and control them. Defendants kept all or most of the proceeds from the sex work. The indictment further charges that members of the conspiracy used heroin and crack cocaine to coerce the victims—many of whom were addicted to drugs—to engage and continue to engage in commercial sex acts.

# II. DISCUSSION

At issue post trial is the proper amount of restitution to be paid by Jackson to his four minor victims of sex trafficking. The government has asked for restitution against Jackson in the amount of $168,500.00. The government's restitution calculations are based on the Backpage.com ads on which the victims were advertised, trial testimony of the victims and the codefendants, and interviews of the victims. Jackson filed a response, disputing the method by which restitution was calculated.

### A. Restitution is Mandatory

As a threshold matter, restitution is mandatory under the Victims of Trafficking and Violence Protection Act of 2000, as amended (TVPA), 18 U.S.C. § 1593, and the

Mandatory Victims Restitution Act of 1996, as amended (MVRA), 18 U.S.C. §§ 3663A–3364. Jackson was found guilty of 18 U.S.C. § 1591, and so the court must impose restitution under 18 U.S.C. § 1593. See 18 U.S.C. § 1593(a). Under § 1593, the order of restitution "shall be issued and enforced in accordance with [18 U.S.C. §] 3664 in the same manner as an order under section 3663A." 18 U.S.C. § 1593(b)(2). In relevant part, the TVPA provides that "the court shall order restitution for any offense under [chapter 77 of Title 18 of the U.S. Code]." 18 U.S.C. § 1593(a) (emphasis added). And chapter 77 includes sex trafficking of children in violation of 18 U.S.C. § 1591. Jackson was convicted of the offense of sex trafficking of children, in violation of 18 U.S.C. § 1591, triggering this mandatory restitution requirement. Jackson's presentence investigation report ("PSR") states that "the provisions of the [MVRA] apply to this Title 18 offense. However, according to the government, restitution will not be requested in this case." ECF No. 570. It was not until the eve of sentencing that the government filed its motion for restitution.

A review of each of the PSRs of each of the defendants in this case demonstrates that none of the defendants had any restitution levied against them. Because this case falls under the mandatory restitution provisions of the TVPA and the MVRA, the court is puzzled by the government's decision not to pursue restitution against the remaining defendants in this case.[1] After all, this sex trafficking case has multiple codefendants,

---

[1] That the defendants were not financially capable of paying restitution is a statutorily foreclosed argument. Like all of his codefendants, Jackson is not financially capable of making restitution in any significant amount, let alone in the government's requested amount of $168,500.00. Jackson is indigent, and had a court-appointed attorney throughout his trial and sentencing process. But because this restitution falls under the provisions of 18 U.S.C. § 1593, the statute makes clear that "[t]he court shall order restitution to each victim in the full amount of each victim's losses as determined

3

three of whom went to trial. All codefendants either entered a guilty plea to or were found guilty of conspiracy to commit sex trafficking. And of the defendants who went to trial, at least one—Bakari McMillan—was found guilty of trafficking at least some of the same minors who Jackson is now facing restitution for trafficking. Yet the government did not ask for restitution against any of Jackson's similarly situated codefendants. It offers no reason for this disparity.

However, just because the government chose not to pursue restitution against the other defendants in this case does not mean that the court will now deny the restitution levied upon Jackson. Section 1593(c) specifically defines "victim" as "the individual harmed as a result of a crime under this chapter." A minor engaged in sex trafficking falls squarely within this definition of "victim." See United States v. Palmer, 643 F.3d 1060, 1067 (8th Cir. 2011) (denial of restitution to a child sex trafficking victim would be "contrary to law"). The text of the TVPA makes clear that restitution orders under the TVPA "shall be issued and enforced in accordance with section 3664 in the same manner as an order under 3663A." 18 U.S.C. § 1593(b)(2). And section 3664(h) provides that if more than one defendant has contributed to a victim's loss, "the court may make each defendant liable for payment of the full amount of restitution . . . ." 18 U.S.C. § 3664(h). Here, multiple defendants were convicted of sex trafficking. Of these defendants, more than one defendant participated in the trafficking of the four minors at issue here. But because Jackson contributed at least in part to the minor victims' losses, the TVPA allows the court to make him jointly and severally liable for the full restitution amount.

---

by the court and without consideration of the economic circumstances of the defendant."
18 U.S.C. § 3664(f)(1)(A).

See United States v. Hamilton, 2018 WL 2770638, at *4 (E.D. Va. June 8, 2018) ("Because the defendants all contributed to the minor victims' losses, the statute plainly enables the court to make each defendant jointly and severally liable for the full restitution amount.").

### B. Calculation of Restitution

Jackson next contends that the government has not met its burden to show by a preponderance of the evidence that the losses suffered by the four victims are attributable to him. The court disagrees.

18 U.S.C. § 1593 provides that the court "shall order restitution for any offense under this chapter [18 U.S.C. §§ 1581 et seq.]." An order of mandatory restitution under this provision "shall direct the defendant to pay the victim . . . the full amount of the victim's losses." 18 U.S.C. § 1593(b)(1). In determining the "full amount of the victim's losses," the court shall include "any costs incurred by the victim for—(A) medical services relating to physical, psychiatric, or psychological care; (B) physical and occupational therapy or rehabilitation; (C) necessary transportation, temporary housing, and child care expenses; (D) lost income; (E) attorney's fees, as well as other costs incurred; and (F) any other losses suffered by the victim as a proximate result of the offense." 18 U.S.C. § 1593(b)(3) (incorporating by reference 18 U.S.C. § 2259(b)(3)). The court must also include in its restitution calculation "the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act." 18 U.S.C. § 1593(b)(3); see also United States v. Fu Sheng Kuo, 620 F.3d 1158, 1164 (9th Cir. 2010) ("[T]he Trafficking Act mandates restitution that

includes a defendant's ill-gotten gains."); United States v. Mammedov, 304 Fed. Appx. 922, 927 (2d Cir. 2008) ("[T]he express terms of 18 U.S.C. § 1593 require that the victims in this case, i.e., persons who engaged in commercial sex acts within the meaning of 18 U.S.C. § 1591, receive restitution, notwithstanding that their earnings came from illegal conduct.").

The statute in question, § 1593(b)(3), expressly provides that the amount of restitution must include "the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage." Here, the evidence supports the amount of restitution ordered. The minor victims' calculations of their average daily earnings were provided in victim impact statements, in statements to North Charleston Police Department officer Charlie Benton, in their trial testimony, in jail calls, and in the testimony of codefendants. They are sufficiently reliable to serve as the basis for this restitution order. Jackson prostituted each of the minor victims for his benefit. The evidence in this case demonstrates that Jackson enticed the minor victims into prostitution with money and drugs. The two victims who testified during trial and Jackson's codefendants testified that Jackson taught victims the "rules" of prostitution, kept watch over them while they worked, and demanded that they turn over their proceeds. Jackson manipulated the minor victims with threats, supplied them with drugs, and inflicted physical and emotional violence on them. Jackson personally caused each of the minor victims severe physical, emotional, and mental harm which will take years to rectify.

Courts have made clear that the amount of restitution need not "be proven with exactitude." In re Sealed Case, 702 F.3d 59, 66 (D.C. Cir. 2012). All that is required to

support a restitution order is "some reasonable certainty." United States v. Monzel, 641 F.3d 528, 540 (D.C. Cir. 2011) (quoting United States v. Doe, 488 F.3d 1154, 1160 (9th Cir. 2007)). Under this standard, the court finds that the restitution amount of $168,500 is proper in this case.

## IV. CONCLUSION

For the reasons set forth above, the court **GRANTS** the government's motion for restitution in the amount of $168,500.

**AND IT IS SO ORDERED**.

---
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 26, 2018**
**Charleston, South Carolina**